No: 25-1805

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

JESSICA M. BRINK,
Appellant

v.

JOHN BORMANN, individually and in his official capacity as
Appellee and Chief Administrative Officer of the Rumson School District;
BOARD OF EDUCATION OF RUMSON IN THE COUNTY OF MONMOUTH,
a body politic and corporate

---

New Jersey - Trenton

U.S. District Court, D.N.J.

3:23-cv-00497

# BRIEF OF DEFENDANTS-APPELLEES

---


Sharyn J. Gallatin, Esq.
136 Franklin Corner Road, B2
Lawrenceville, New Jersey 08648
Tel. No.: 609-896-2000 x143
Attorney for Defendants-Appellees,
John Bormann and the Board of Education of Rumson
in the County of Monmouth

## TABLE OF CONTENTS

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION…………………………………….…1

STATEMENT OF ISSUES…………………………………………...………2

STATEMENT OF RELATED CASES
AND PROCEEDINGS……………………………………………………3

CONCISE STATEMENT OF THE CASE…...……………………………………4

I. Pertinent Procedural History………………………………………4

II. Pertinent Factual History……………………………….…………..…7

SUMMARY OF ARGUMENT……………………………...…………....11

STANDARD OF REVIEW………………………………………………..…12

ARGUMENT…………………………………………………………...…13

I. The District Court Properly Dismissed Count One Of Appellant's Second Amended Complaint Alleging First Amendment Retaliation Because Appellant Failed to Engage in Activity Protected by the First Amendment…………………………………………………13

II. The District Court Properly Dismissed Count Two of Appellant's Second Amended Complaint Alleging First Amendment Viewpoint Discrimination Because Appellant Failed to Engage in Activity Protected by the First Amendment…………………………………..20

CONCLUSION…………………………………………………….………23

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Board of County Commissioners v. Umbehr*,
518 U.S. 668 (1996)………………………………………………………. 17

*Clairmont v. Sound Mental Health*,
632 F.3d 1091 (9th Cir. 2011)………………………………………17, 18, 19

*Dennison v. Indiana University of Pennsylvania*,
Civ. No. 22-2649, 2023 WL 8595426 at *5 (3d Cir. Dec. 12, 2023)………15

*Dougherty v. Sch. Dist.*,
772 F.3d 979, 987 (3d Cir. 2014)…………………………………………..14

*Falco v. Zimmer*,
767 Fed. Appx. 288, 299 (3d Cir. 2019)…………………………………...14

*Perry Educ. Ass'n v. Perry Local Educators' Ass'n,*
460 U.S. 37 (1983)……………………………………………………….21

*Pickering v. Bd. of Educ.*,
391 U.S. 563, 568 (1968)………………………………………………14, 19

*United States v. Nasir*,
17 F.4th 459 (3d Cir. 2021) (en banc)……………………………………12

*United States v. Poulson*,
871 F.3d 261 (3d Cir. 2017)………………………………………………12

*United States v. Wilson*,
880 F.3d 80 (3d Cir. 2018)………………………………………………..12

**STATUTES**

28 U.S.C. § 1291……………………………………………………………...1

28 U.S.C. § 1331……………………………………………………………...1

42 U.S.C. § 1983…………………………………………….1, 2, 3, 11, 13, 20

42 U.S.C. § 1985 (3) ………………………………………………………....3

*N.J.S.A.* 52:32-44……………………………………………………………16

*N.J.S.A. 52:32-44(a)* ……………………..……………………………………16

**OTHER AUTHORITIES**

Fed R. App. P. 4(a) ……………………………………………………………...1

Fed R. Civ. P. 12(b)(6)…………………………………………………………7, 12

Black's Law Dictionary (12th ed. 2024)…………………………………………..16

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This United States District Court for the District of New Jersey had subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States.

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291, which grants jurisdiction over appeals from final decisions of the United States District Courts.

Final judgment was entered by the United States District Court for the District of New Jersey on April 24, 2025. A timely notice of appeal was filed on April 23, 2025, pursuant to Fed. R. App. P. 4(a). This is an appeal from a final judgment that resolved all claims against all parties pursuant to a Complaint brought by Appellant pursuant to 42 U.S.C. § 1983, et seq.

## STATEMENT OF ISSUES

1. Whether the District Court appropriately granted Appellees' Motion to Dismiss Appellant's Second Amended Complaint.

2. Whether the District Court appropriately held, as a matter of law, that Appellant was not a private citizen and therefore, there was no violation of her First Amendment Right to free speech pursuant to 42 U.S.C. § 1983, et seq.

3. Whether the District Court appropriately held, as a matter of law, that Appellant's viewpoint was not discriminated against in violation of the First Amendment pursuant to 42 U.S.C. § 1983, et seq.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This case has not previously been before the Court of Appeals for the Third Circuit ("Third Circuit"). There are no related cases or proceedings other than the case presently before the Court.

## CONCISE STATEMENT OF THE CASE

### I. Pertinent Procedural History

On January 31, 2023, Appellant, Jessica Brink (hereinafter referred to as "Appellant") filed her Complaint against Appellees, John Bormann (hereinafter referred to as "Bormann") and the Board of Education of Rumson in the County of Monmouth (hereinafter referred to as "RBOE" or "the District"), collectively referred to as "Appellees", and Maria Montanez and pled the following causes of action: Count 1 – Conspiracy to Interfere with Civil Rights in violation of 42 U.S.C. § 1985 (3); Count 2 – First Amendment Restraint in violation of 42 U.S.C. § 1983; Count 3 – First Amendment Redress of Grievances in violation of 42 U.S.C. § 1983; Count 4 – First Amendment Retaliation in violation of 42 U.S.C. § 1983; Count 5 – Fourteenth Amendment Equal Protection in violation of 42 U.S.C. § 1983; Count 6 – Fourteenth Amendment Due Process in violation of 42 U.S.C. § 1983; Count 7 – Fourteenth Amendment Due Process Property Interest in violation of 42 U.S.C. § 1983; Count 8 – *Monell* Liability in violation of 42 U.S.C. § 1983; Count 9 – Breach of Contract; Count 10 – Negligent Infliction of Emotional Distress; Count 11 – Gross Negligence; and, Count Twelve – Negligence. A copy of the Complaint is attached as *Exhibit A*.

On May 15, 2023, Appellant made a Motion for an Entry of Default against all three defendants at that time for failure to plead or otherwise defend the

Complaint filed on January 31, 2023. Also on May 15, 2023, Appellant made a Motion for Default Judgment against the three defendants to whom default had been entered.

On May 18, 2023, Appellees filed a Motion to Vacate the Request for Default Judgment as well as a Motion to Dismiss the Complaint. On September 25, 2023, Judge Quraishi denied Appellant's Motion for Default Judgment against all three defendants and granted the Motion to Vacate Default and the Motion to Dismiss the Complaint without prejudice. Appellant was afforded the opportunity to file an amended complaint within thirty (30) days consistent with the Court's Memorandum Opinion. A copy of Judge Quraishi's Memorandum Opinion, dated September 25, 2023, is attached hereto as *Exhibit B*.

On October 24, 2023, Appellant filed an Amended Complaint against Bormann and RBOE only alleging Appellees violated her First Amendment rights and unlawfully removed her from working within the Rumson School District based on her opinions regarding the COVID-19 vaccine. On November 14, 2023, the court entered default against Appellees for failure to plead or otherwise defend the Amended Complaint. On November 15, 2023, Appellees filed a Motion to Vacate Default as well as a Motion to Dismiss the Amended Complaint. On June 25, 2024, Judge Quraishi granted both the Motion to Vacate Default and the Motion to Dismiss

the Complaint with prejudice. A copy of Judge Quraishi's Opinion, dated June 25, 2024, is attached hereto as *Exhibit C*.

On July 26, 2024, Appellant filed a Second Amended Complaint against Bormann and RBOE. On August 16, 2024, Bormann and RBOE filed a Motion to Dismiss the Second Amended Complaint, claiming Appellant's claims failed as a matter of law and therefore dismissal was appropriate. A copy of Appellant's Second Amended Complaint, dated July 26, 2024, is attached hereto as *Exhibit D.*

On March 24, 2025, Judge Quraishi, entered a Final Order dismissing Appellant's Second Amended Complaint against Appellees, Bormann and RBOE, with prejudice. In granting Appellees' Motion to Dismiss, Judge Quraishi held that (1) the relationship between Appellant and Appellees was analogous to an employee-employer relationship; (2) Appellant's retaliation claim was not viable because, as a public employee, she was not afforded the First Amendment right to free speech as a private citizen; and (3) Appellant's viewpoint discrimination claim failed as she did not sufficiently plead facts, in any of her three pleadings, to support her assertion she was discriminated against based on her viewpoint. A copy of Judge Quraishi's March 24, 2025, Opinion is attached hereto as *Exhibit E*.

On April 8, 2025, Appellant filed a Motion for Reconsideration of Judge Quraishi's March 24, 2025, Order dismissing her Second Amended Complaint with prejudice. On November 24, 2025, Judge Quraishi issued a Letter Opinion denying

Appellant's Motion for Reconsideration on the basis that none of her arguments made in said Motion persuaded the Court that it had erred in any of the legal conclusions made. A copy of Judge Quraishi's Letter Opinion, dated November 24, 2025, is attached hereto as *Exhibit F*.

Appellant filed a Notice of Appeal to the Third Circuit Court of Appeals on April 23, 2025, appealing Judge Quraishi's March 24, 2025, Order dismissing her Second Amended Complaint. Appellant filed her Appellate Brief on January 24, 2026, and served same on Appellees on January 28, 2026.

On February 24, 2026, Appellees filed a Motion to Dismiss Appellant's Appeal pursuant to F.R.C.P 12(b)(6) and stay the Briefing and Scheduling Order of Paricia S. Dodszuweit, Clerk of the Third Circuit Court of Appeals, dated December 5, 2025, based upon late service of the appellate brief. The Motion to Dismiss was later withdrawn when Appellees became aware that Appellant had been granted an extension of time pursuant to a verbal request to the Court on December 30, 2025.

On March 9, 2026, the Court lifted a previously imposed stay of the briefing schedule and provided Appellees with thirty (30) days to file their Appellee Brief. This Appellee Brief is being submitted pursuant to that Order.

## II. Pertinent Factual History

At all times relevant to this case, Appellant was a Registered Nurse, employed by Education Staffing Solutions ("ESS"). *Exhibit A*. Through her employment with

ESS, Appellant was assigned to work at the District as a permanent substitute school nurse. *Exhibit A, ¶14*. Appellant's contract with the District specified she was "hired and paid through ESS". *Id*. Appellant's contract with RBOE further specified a term "beginning on September 25, 2020, to a date to be determined." *Id*.

Appellant alleges that during her time working as a substitute school nurse at RBOE, she voiced concerns about what she perceived to be clinically questionable and potentially unlawful actions of the District. *Exhibit A, ¶31*. After being informed that school nurses were approved to receive the COVID-19 vaccine, Appellee Bormann provided the names of all school nurses to the Monmouth County Department of Health to get the nurses on the list to receive the vaccine. *Exhibit A, ¶33*. The email Appellee Bormann sent specifically included the language "in the event that you will be getting the vaccine." *Id*. Appellee Bormann ensured all school nurses would have the opportunity to receive the vaccine, should they wish to receive same. Each school nurse had the opportunity to either receive or decline the vaccine. Bormann accepted, without issue, Appellant's decision to forego receiving the vaccine. *Exhibit A, ¶36*.

On January 7, 2021, Appellant emailed Appellee Bormann asking for permission to email staff members and offer herself as a resource in helping staff members make the decision regarding receiving the COVID-19 vaccination. *Exhibit A, ¶40*. Appellee Bormann declined Appellant's offer to email all staff members

regarding the COVID-19 vaccine. *Exhibit A, ¶52*. Appellant does not allege she was restricted from voicing her opinion on the vaccine in any personal forum, only that she was restricted from mass-emailing all District staff members. Appellant alleges this constituted a restraint on her protected speech for no reason by Appellees.

On January 12, 2021, Appellant advised the parent of a sick student that the student would need to quarantine for fourteen days. *Exhibit A, ¶58*. Appellant noticed that Appellee Bormann only entered a ten-day quarantine for the student in the District's "Quarantine Spreadsheet". *Exhibit A, ¶61*. On January 13, 2021, Appellant emailed Bormann and a number of other staff members, seeking clarification on the ten-day quarantine period and the rationale behind same. *Exhibit A, ¶70*. Appellant's email did not contain any mention of a complaint or grievance, but rather was Appellant "throwing [her] interpretation of the following paragraph into the ring". *Id*. In this same email, Appellant offered to compile a flow chart outlining quarantine information. *Exhibit A, ¶72*. Appellee Bormann responded to Appellant's email encouraging Appellant to compile her flow chart and expressed his appreciation at her research.

On February 1, 2021, Appellant had a telephone conference with Appellee Bormann. *Exhibit A, ¶76*. During this conference, Appellant questioned Appellee Bormann's authority to make various COVID-19-related decisions, as well as medical decisions. *Exhibit A, ¶84*. Appellee Bormann indicated that all information

relating to District COVID-19 policies was previously shared via email or were accessible on the District website. *Exhibit A,* ¶*85*. Due to Appellant's refusal to comply with directives and perform her job duties, Appellee Bormann advised he was terminating Appellant's contract with the RBOE, however, as an employee of ESS, Appellant was free to work in any other school district. *Exhibit A,* ¶¶*88-89*.

## SUMMARY OF ARGUMENT

The District Court correctly granted Appellees' Motion to Dismiss in finding that Appellant did not engage in any protected activity which would permit her to proceed on either her First Amendment retaliation claim, pursuant to 42 U.S.C. § 1983 or her First Amendment Viewpoint Discrimination claim, pursuant to 42 U.S.C. § 1983.

Specifically, in viewing the facts pled in her Second Amended Complaint in the light most favorable to Appellant, the District Court correctly found that, as a matter of law, Appellant was not a private citizen who was entitled to the First Amendment protections afforded a private citizen. Instead, the Court held, as a matter of law, that Appellant and Appellees had an employee-employer relationship which would not permit Appellant to proceed in a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983.

In addition, the Court held that Appellant had not pled sufficient facts to state a claim that her viewpoint regarding COVID-19 protocols was discriminated against such that she could be successful on her First Amendment Viewpoint Discrimination claim brought pursuant to 42 U.S.C. § 1983. The Court properly dismissed Appellant's Second Amended Complaint, her third pleading of the same facts, with prejudice.

## STANDARD OF REVIEW

Appellees moved to dismiss Appellant's Second Amended Complaint, pursuant to F.R.C.P. 12(b)(6), on the grounds that the facts pled in the Second Amended Complaint were legally insufficient to allege a viable cause of action upon which relief could be granted. This Court exercises plenary review over the District Court's legal conclusions, including its interpretation of the employer-employee relationship and its applicability to First Amendment issues regarding retaliation and viewpoint discrimination. *See United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (en banc), *citing United States v. Wilson*, 880 F.3d 80 (3d Cir. 2018); *United States v. Poulson*, 871 F.3d 261 (3d Cir. 2017).

## ARGUMENT

### I. THE DISTRICT COURT PROPERLY DISMISSED COUNT ONE OF APPELLANT'S SECOND AMENDED COMPLAINT ALLEGING FIRST AMENDMENT RETALIATION BECAUSE APPELLANT FAILED TO ENGAGE IN ACTIVITY PROTECTED BY THE FIRST AMENDMENT.

Count One of Appellant's Second Amended Complaint alleged First Amendment retaliation in violation of 42 U.S.C. § 1983 against Bormann and RBOE. *Exhibit D at p. 49*. Appellant's initial Complaint and First Amended Complaint also contained claims for First Amendment retaliation. Similar to both prior Complaints, Appellant alleged that Appellee Bormann violated her First Amendment right to free speech when he declined her request to utilize the District's email platform and forum to disseminate vaccine information to District staff members and serve as a vaccine resource for the District. *Exhibit D, ¶449-457*. Appellant additionally alleged she voiced opposition to the District's facemask policy, engaged in the protected speech of (1) questioning another nurse's use of a non-contact thermometer and (2) questioning District quarantine and testing protocols. *Exhibit D, ¶98-210*. However, similarly to Appellant's First Amendment retaliation claims contained in her prior Complaints, the Court properly held this claim failed as matter of law because Appellant did not engage in activity protected by the First Amendment.

"[T]he State has interests as an employer in regulating the speech of its employees that differ significantly from those it possesses in connection with regulation of the speech of the citizenry in general". *See Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). To establish a First Amendment retaliation claim, a public employee must show that: (1) her activity is protected by the First Amendment and (2) the activity was a substantial or motivating factor in the alleged retaliatory action, which, if both are proved, shifts the burden to the employer to prove that (3) the same action would have been taken even if the activity had not occurred. *See Falco v. Zimmer*, 767 Fed. Appx. 288, 299 (3d Cir. 2019).

In the context of public employee speech, a three-part test is utilized to determine whether the speech is protected. *See Dougherty v. Sch. Dist.*, 772 F.3d 979, 987 (3d Cir. 2014). First, the employee must speak as a citizen, not as an employee. Second, the speech must involve a matter of public concern, and third the government must lack an adequate justification for treating the employee differently than the general public based on its needs as an employer under the *Pickering* balancing test. *See Dougherty*, 772 F.3d at 987.

Here, as the District Court properly held, Appellant did not set forth facts to support the first element of a First Amendment retaliation claim which required dismissal as a matter of law, pursuant to *Dougherty, supra.* It is undisputed the alleged speech at issue was made in Appellant's capacity as an independent

contractor of the Rumson School District, not as a private citizen. Appellant's own allegations and documentary support clearly demonstrate she was speaking as a staff member, and not as private citizen. *Exhibit D.* The fact that Appellant amended her pleadings to specifically allege "Plaintiff was not a public employee" and "Plaintiff Brink was not an Independent Contractor of the RSD" does not make such statements fact. *Exhibit D, ¶71; 73*. In her Second Amended Complaint, Appellant specifically designated her speech as that of a private citizen and the District Court found same to be untrue. *Exhibit E, page 14*. In analyzing the issue, this Court found:

> That the SAC, even given its most liberal reading, fails to plausibly allege Plaintiff acted as a private citizen and instead supports the conclusion that Plaintiff's speech was made pursuant to her official job duties. The Court reaches this conclusion "even though the COVID-19 pandemic was clearly a matter of public concern", *citing Dennison v. Indiana University of Pennsylvania*, Civ. No. 22-2649, 2023 WL 8595426 at *5 (3d Cir. Dec. 12, 2023) (affirming the District Court's entry of summary judgment against a public employee's retaliation claim, reasoning that Plaintiff's conduct while related to a matter of public concern, were not just adjacent to her official duties, they were at the heart of her duties." )

*Exhibit E, page 14*.

In her Appellate Brief in support of this appeal, Appellant argues the District Court erred in granting Appellees' Motion to Dismiss Count One of her Second Amended Complaint. In support of this argument, Appellant repeatedly points to the lack of a contract between her and the District to show she was neither an employee

of the District nor an independent contractor and only an employee of ESS. However, this argument is inconsistent with well-established precedent.

In Judge Quraishi's opinion granting Appellees' Motion to Dismiss, he likens Appellant's relationship with the District to that of a subcontractor. Specifically, he concluded that Appellant "was still employed by the District, if indirectly. She is a contractor, or perhaps more precisely, a *sub*contractor." *Exhibit E at p. 8.* He cites to the definition of a subcontractor found in Black's Law Dictionary (12th ed. 2024) which defines a subcontractor as "someone who is awarded a portion of an existing contract by a contractor, esp. a general contractor." *Id.*

To refute this holding, Appellant argues that the District Court's use of Black's Law Dictionary to define a subcontractor is improper and instead, cites to *N.J.S.A.* 52:32-44 which defines a subcontractor as "any business or organization that is not a contractor that knowingly enters into a contract or constructs a construction project, with a contractor or another subcontractor in the fulfillment of a contract issued by a contracting agency." *See N.J.S.A.* 52:32-44(a). However, what Appellant fails to point out is this provision in the New Jersey statutes governs Public Works, Contracts and Printing and specifically, the Prompt Payment Act for same. Any other New Jersey statute which defines a subcontractor is within the realm of construction projects, which is not the area of law in dispute here. Absent a statute that governs the subject matter of the pending case, Judge Quraishi's use of the

Black's Law Dictionary definition of a subcontractor was appropriate and not in error.

In so determining Appellant's relationship with the District was akin to a subcontractor, the District Court applied the rationale found in the *Board of County Commissioners v. Umbehr*, which held that in the context of a First Amendment retaliation claim, independent contractors were to be treated as public employees. *See Board of County Commissioners v. Umbehr*, 518 U.S. 668 (1996). In so holding, the *Umbehr* Court concluded:

> "We therefore see no reason to believe that proper application of the *Pickering* balancing test cannot accommodate the differences between employees and independent contractors. There is ample reason to believe that such a nuanced approach, which recognizes the variety of interests that may arise in independent contractor cases, is superior to a bright-line rule distinguishing independent contractors from employees."

*Umbehr,* 518 U.S. at 677-678.

The District Court found that based upon the allegations in Appellant's Second Amended Complaint, there could be no reasonable dispute that the District remained a contractor and was therefore entitled to the deference *Umbehr* endorsed.

Then, in finding there were no cases on point in the Third Circuit which addressed facts similar to the case at hand, the District Court sought guidance outside the Circuit. The Court noted that Appellant cited to *Clairmont v. Sound Mental Health*, 632 F.3d 1091 (9th Cir. 2011), which she argued supported her claim that

she was not a public employee. At the same time, Appellant also argued *Clairmont* was distinguishable from the motion to dismiss which was before the court since the *Clairmont* court was ruling on a summary judgment motion with a fully developed factual record. However, the District Court did not agree with the latter argument and found that the analysis in *Clairmont* was instructive to the case at hand.

In *Clairmont,* the 9th Circuit concluded that even though plaintiff was not a municipal employee, the nature of the relationship between the court and contractor [SMH], the nature of the services provided by the contractor and plaintiff's role in the provision of such services, that his relationship with the municipal court was analogous to that of an employer-employee. Further, the court reasoned that given the probation unit's need to ensure the contractor's [SMH] services were properly provided to court-ordered Treatment participants, "the balance tips in favor of treating Clairmont as a public employee for purposes of determining whether he has alleged a viable First Amendment retaliation claim." *Clairmont*, 632 F.3d at 1102.

In applying the rationale of the *Clairmont* court, the District Court found that even reading the Second Amended Complaint in a light most favorable to Appellant, it was apparent that her personal involvement with students, faculty, and administration was substantial and that a high degree of trust was placed in her by both ESS and the District.

In her appellate brief, Appellant now seeks to distinguish *Clairmont* on the basis that there was a contract in place in that case and that such a contract does not exist in the matter currently before the Court as well as on Clairmont's supervisory role and the absence of same regarding Appellant. However, Appellant's continued reliance on the lack of a contract between her and the District ignores the very salient legal theory established by the case law. Simply put, a contract does not have to exist in order to find a relationship analogous to an employer-employee relationship such that it becomes necessary to utilize the *Pickering* balancing test. The substance of the relationship, the duties of the parties and the responsibilities is what is paramount, not a mere conclusory allegation contained in the Second Amended Complaint that Appellant 'engaged in advocacy as a private citizen' and that she 'was not acting pursuant to her job duties.'

Therefore, as the District Court concluded that Appellant was an independent contractor, or subcontractor, of the District and that she spoke in her capacity as a non-certified substitute school nurse, her speech was not designated as private speech. Indicating that Appellant had no obligation to engage in such speech as part of her ordinary job duties, does not change the fact that all statements were made based on her experiences working within the District and were made to her supervisor.

Further, the Second Amended Complaint refers to Appellant's desire for and the importance of consistency of the District's guidance on its quarantine policy which she disseminated to students, families and staff of the District, as well as the clinical soundness of the COVID-19 Screening form and the confinement of healthy students to the quarantine room. Based on this conduct, the District Court appropriately held that Appellant's conduct and statements, as pled in her Second Amended Complaint, "were clearly within the realm of, at the heart of, or in pursuit of her ordinary job duties as a substitute school nurse." *Exhibit E at p. 14.* Accordingly, the District Court appropriately found that Appellant's Second Amended Complaint "fails to plausibly allege that [she] acted as a private citizen and instead supports the conclusion that [her] speech was made pursuant to her official job duties." *Id.*

Accordingly, for the reasons set forth above, Count One of Plaintiff's Second Amended Complaint was appropriately dismissed with prejudice.

## II. THE DISTRICT COURT PROPERLY DISMISSED COUNT TWO OF APPELLANT'S SECOND AMENDED COMPLAINT ALLEGING FIRST AMENDMENT VIEWPOINT DISCRIMINATION BECAUSE APPELLANT FAILED TO ENGAGE IN ACTIVITY PROTECTED BY THE FIRST AMENDMENT.

Count Two of Plaintiff's Amended Complaint alleges First Amendment viewpoint discrimination in violation of 42 U.S.C. § 1983 against Appellees

Bormann and the Rumson Board of Education. *Exhibit D, page 52*. Specifically, she alleged she was discriminated against when Bormann declined her request to disseminate anti-vaccination information to District employees because he did not agree with her viewpoint to refrain from receiving the COVID-19 vaccination, which Appellant re-phrased "informed consent and education" information related to the COVID-19 vaccine. *Exhibit D, ¶242*. Appellant also alleged the District created a public forum through email by posting the email addresses of staff members on its website. *Exhibit D, §264-265; 475*.

From the outset, the District did not create a public forum simply by having the emails of staff members posted on its website. Staff members in a school District perform a wide variety of tasks and are frequently contacted regarding issues that impact the general operations of the District as a whole. Appellant has made no reference to the District eliciting opinions from the public regarding the COVID-19 pandemic or vaccine or inviting members of the public to engage in email dialogue regarding same.

The District Court was appropriately guided by the Supreme Court's holding in *Perry Educ. Assn v. Perry Local Educators' Ass'n,* which held that government email and email systems are nonpublic forums. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37 (1983). In addition, the District Court found that Appellee Bormann's denial of Appellant's request to send a listserv wide email to

District staff was content and viewpoint neutral because his purpose in rejecting her request was simply that it was the District's role "to provide only the factual information available from government institutions we are required to follow [and] for families to seek guidance form their own physicians if they have questions." *Exhibit E at p. 16.* In addition, Appellee Bormann explained to Appellant he did not want anyone within the school to serve in that capacity as it would put the District in jeopardy if guidance was followed to the follower's detriment.

The District Court concluded that "given that Plaintiff's proposed email also stated that Plaintiff 'has invested a significant amount of time researching vaccines and would welcome question' and no other School District member had sent a similar email on the server, the Court finds that the Second Amended Complaint does not sufficiently plead a viewpoint discrimination claim." Accordingly, the District Court held that Appellant did not engage in any speech protected by the First Amendment, nor was she discriminated against for her views opposing the COVID-19 vaccine, and dismissed Count Two of Plaintiff's Second Amended Complaint must be dismissed with prejudice.

## CONCLUSION

For these reasons, Appellees respectfully request that the Third Circuit affirm the United States District Court opinion dated March 24, 2025 and rule that Appellant has failed to state any cause of action in her Second Amended Complaint upon which relief can be granted.

Dated: April 8, 2026
Lawrenceville, New Jersey

Respectfully submitted,

/s/ Sharyn J. Gallatin

Sharyn J. Gallatin, Esq.
Lenox, Socey, Formidoni, Giordano,
Lang, Carrigg & Casey, LLC
136 Franklin Corner Road, B2
Lawrenceville, New Jersey 08648
*Attorneys for Defendants-Appellees*

## CERTIFICATION OF BAR MEMBERSHIP

Pursuant to Third Circuit Local Appellate Rule 28.3(d), the undersigned counsel hereby certifies that I am admitted before the bar of the United States Court of Appeals for the Third Circuit, and I am a member in good standing of the Court.

/s/ Sharyn J. Gallatin
Sharyn J. Gallatin, Esq.

Dated: April 8, 2026

## CERTIFICATION OF WORD COUNT

I, Sharyn J. Gallatin, hereby certify that:

1. This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 4,448 words and 422 lines excluding the parts of the brief exempted by Rule 32(f).
2. This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

/s/ Sharyn J. Gallatin
Sharyn J. Gallatin, Esq.

Dated: April 8, 2026

**CERTIFICATION THAT E-BRIEF AND HARD COPY ARE IDENTICAL**

I, Sharyn J. Gallatin, hereby certify that:

The hard copy and the electronic copy of this brief are identical.

/s/ Sharyn J. Gallatin
Sharyn J. Gallatin, Esq.

Dated: April 8, 2026

**CERTIFICATION THAT E-BRIEF HAS BEEN VIRUS CHECKED**

I, Sharyn J. Gallatin, hereby certify that:

The electronic copy of this brief has been virus scanned using AntiVirus – Virus & Adware Scan version 12.14 and no virus was detected.

/s/ Sharyn J. Gallatin
Sharyn J. Gallatin, Esq.

Dated: April 8, 2026

## CERTIFICATION OF SERVICE

I am employed by the law firm of LENOX, SOCEY, FORMIDONI, GIORDANO, LANG, CARRIGG & CASEY, LLC, and am the attorney for Defendant-Appellees, Board of Education of Rumson in the County of Monmouth and John Bormann, in the above-entitled matter.

2. On April 8, 2026, I personally mailed, certified and regular mail with postage paid thereon, a copy of Defendants-Appellees' Brief and supporting documents to:

Jessica M. Brink, *pro se*
8 Gordon Court
Port Monmouth, New Jersey 07758

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Victoria Cargill
Victoria Cargill

Dated: April 8, 2026